# SUPERIOR COURT

## No. 644
### BRADY, Admr. v. TUCKER
Superior Court of Cincinnati

No. 59046. Decided May 29, 1925

1106. STATUTE OF FRAUDS—Letter repudiating previous oral agreement may be used as a memorandum in writing to satisfy statute of Frauds when written repudiation acknowledges and admits the existence and correctness of the previous oral agreement.

MARX, J.

Ben Brady, administrator of the estate of Jacob Brady, deceased, brought an action in the Cincinnati Superior Court against Lawrence Tucker. Brady claimed that Tucker verbally agreed to buy the holdings of his deceased son in the Brady Coal Co., to discharge the estate of decedent from any liability to said company, and to pay therefor $4237.59.

The verbal agreement was reduced to writing and entitled "Memorandum of Agreement". This memorandum was then mailed to Tucker without being signed by either party and without comment. Shortly after its receipt, Tucker wrote a letter to Brady's attorney refusing to sign the agreement. Brady claimed that this signed letter repudiating a previous oral agreement may be used as a memorandum in writing to satisfy the Statute of Frauds. The Court held:

1. Requirement of a "note or memorandum" is satisfied by a letter in which the writer after stating the bargain, repudiates it or refuses to enter into a written contract. But this is only true when written repudiation, acknowledges or admits existence and correctness of a previous oral agreement.

2. The acknowledgment of receipt of the communication embodying the terms of the agreement for the proposed purchase, sufficiently identifies the agreement referred to as the unsigned memorandum of agreement.

3. Nowhere does this letter contain acknowledgment that said memorandum correctly states terms of a completed contract. Use of words "proposed purchase" in Tucker's letter indicate that no agreement had been reached.

4. There must be an admission of the making of the contract; and of the terms thereof, in the writing repudiating the contract before it can be held a sufficient memorandum.

Action of this court in directing a verdict in favor of Tucker is correct, and motion for a new trial is overruled.

Attorneys—Leonard H. Freiberg for Brady; S. K. Ducker & August A. Rendigs, Jr., for Tucker; all of Cincinnati.

## No. 645
### KIRK v. CINCINNATI
No. 59070. Cincinnati Superior Court

Decided April 25, 1925

1049. RIPARIAN RIGHTS—1. Are property which pass with the sale of land?

2. Contributory pollution may be set up as defense in mitigation of damages.

3. Where several cities contribute to pollution each is liable for the proportionate amount of damage caused by its own acts.

4. Lower riparian owner not barred from right to maintain action when shown that he purchased his property through which stream runs, subsequent to dumping sewage by city.

MARX, J.

Theodore and Margaret Kirk brought this action in the Cincinnati Superior Court for damages and injunction against the city of Cincinnati by reason of its dumping sewage into Muddy Creek, a stream which passed through Kirk's farm situated below Cincinnati. Kirk claimed that no consent or rights were acquired from property owners along said stream authorizing its pollution.

The city in defense set up that Kirk had acquired his farm subsequent to the disposition of the sewage by the city, by dumping it into Muddy Creek; that it is not liable for its acts and that Kirk and others contributed to the pollution complained of. Kirk sued for $7000 and an injunction enjoining the city from continuing the nuisance. A verdict was returned in Kirk's favor for $5000, and an injunction was granted to restrain the city from continuing to dump sewage in Muddy Creek to the damage of lower riparian owners; a further hearing to be held as to the injunction to determine the time within which and the conditions upon which the injunction is to be made effective. In overruling a motion for a new trial the Superior Court said:

1. Pollution contributed by a lower riparian owner to a stream previously polluted by acts of others above him is not a complete defense unless such pollution amounts to the cause of condition complained of, but contributory pollution may be considered in mitigation.

2. Where several municipalities contribute to pollution each is liable for proportionate amount of damage caused by its own acts.

3. Riparian rights are property which pass with the land and the fact that a lower riparian owner, damaged by pollution of the stream, acquired his property after the creation of the nuisance complained of does not bar his right to maintain an action for damages, and for injunction to abate a continuance of such nuisance.